1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   TONIE ELMORE,

11            Plaintiff,                    No. CIV S-07-1463 WBS EFB P

12       vs.

13   ARONG, et al.,

14            Defendants.                   <u>ORDER</u>

15   _____/

16       Plaintiff is a state prisoner proceeding without counsel and in forma pauperis with a civil

17   rights action pursuant to 42 U.S.C. § 1983.

18       By order file September 21, 2007, the court found that the complaint stated claims

19   against defendants Maxham and Rendon and ordered plaintiff to proceed against those

20   defendants or attempt to state claims against others by filing an amended complaint.  Plaintiff

21   has filed an amended complaint.

22       The complaint does not state a cognizable claim against defendants Wedell, Heintschell,

23   Williamson, May, Kaley, or Hawkins.

24       Plaintiff may proceed forthwith to serve defendants Turella, Maxham, Rendon, Perfino,

25   and Moreno, and pursue his claims against only those defendants or he may delay serving any

26   defendant and attempt to state a cognizable claim against defendants Wedell, Heintschell,

1

Williamson, May, Kaley, or Hawkins.

If plaintiff elects to attempt to amend his complaint to state a cognizable claim against defendants Wedell, Heintschell, Williamson, May, Kaley, or Hawkins, he has 30 days so to do. He is not obligated to amend his complaint.

If plaintiff elects to proceed forthwith against defendants Turella, Maxham, Rendon, Perfino, and Moreno, against whom he has stated a cognizable claim for relief, then within 20 days he must return materials for service of process enclosed herewith.  In this event the court will construe plaintiff's election as consent to dismissal of all claims against defendants Wedell, Heintschell, Williamson, May, Kaley, or Hawkins without prejudice.

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place and plaintiff is entitled to relief if plaintiff's allegations are true.  It must contain a request for particular relief.  Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right.  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).  If plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.

In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity.  *See Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; *cf*. Rule 9(b) (setting forth rare exceptions to simplified pleading).

1    Plaintiff's claims must be set forth in short and plain terms, simply, concisely and

2 directly.  *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting

3 point of a simplified pleading system, which was adopted to focus litigation on the merits of a

4 claim."); Fed. R. Civ. P. 8.

5    Plaintiff must eliminate from his pleading all preambles, introductions, argument,

6 speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible

7 defenses, summaries, and the like.  *McHenry v. Renne*, 84 F.3d 1172, 1177-78 (9th Cir. 1996)

8 (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El*

9 *v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of

10 Civil Procedure is fully warranted" in prisoner cases).

11    To state a claim against a supervisor who did not personally inflict the injury alleged,

12 plaintiff must allege the supervisor (1) caused others to act, or knowingly refused to stop them

13 from acting, knowing or having reasonable cause to know they would inflict injury; (2) approved

14 such conduct and injury after the fact; or (3) so failed to train or control subordinates to avoid

15 such injury as to demonstrate reckless or callous indifference to constitutional injury.  *Redman v.*

16 *County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc);  *Taylor v. List*, 880 F.2d

17 1040, 1045 (9th Cir. 1989); *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir.1989); *Johnson v.*

18 *Duffy*, 588 F.2d 740, 743 (9th Cir. 1978); *see also*, *Jones v. Williams*, 297 F.3d 930, 937 & fn. 4

19 (9th Cir. 2002).

20    The court (and defendant) should be able to read and understand plaintiff's pleading

21 within minutes.  *McHenry*, 84 F.3d at 1179-80 A long, rambling pleading including many

22 defendants with unexplained, tenuous or implausible connection to the alleged constitutional

23 injury, or joining a series of unrelated claims against many defendants, very likely will result in

24 delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action

25 pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

26 ////

1    If plaintiff's pleading is deficient on account of an omission or technical defect, the court

2    will not dismiss it without first identifying the problem and giving plaintiff an opportunity to

3    cure it.  *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  Plaintiff's pleading will be

4    construed "liberally" to determine if plaintiff has a claim but it will be dismissed if plaintiff

5    violates the federal rules, once explained, or the court's plain orders.

6    An amended complaint must be complete in itself without reference to any prior

7    pleading.  Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff

8    files an amended complaint, the original pleading is superseded.

9    By signing a second amended complaint plaintif certifies he has made reasonable inquiry

10    and has evidentiary support for his allegations and that for violation of this rule the court may

11    impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

12    A prisoner may bring no § 1983 action until he has exhausted such administrative

13    remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory.  *Booth*

14    *v. Churner*, 532 U.S. 731, 741 (2001).  A California prisoner or parolee may appeal "any

15    departmental decision, action, condition, or policy which they can demonstrate as having an

16    adverse effect upon their welfare."  Cal. Code Regs. tit. 15, §§ 3084.1, *et seq.*  An appeal must

17    be presented on a CDC form 602 that asks simply that the prisoner "describe the problem" and

18    "action requested."  Therefore, this court ordinarily will review only claims against prison

19    officials within the scope of the problem reported in a CDC form 602 or an interview or claims

20    that were or should have been uncovered in the review promised by the department.  Plaintiff is

21    further admonished that by signing an amended complaint he certifies his claims are warranted

22    by existing law, including the law that he exhaust administrative remedies, and that for violation

23    of this rule plaintiff risks dismissal of his entire action, including his claims against defendants

24    Turella, Maxham, Rendon, Perfino, and Moreno.

25    ////

26    ////

4

Accordingly, the court hereby orders that:

1.  Claims against defendants Wedell, Heintschell, Williamson, May, Kaley, or Hawkins are dismissed with leave to amend.  Within 30 days of service of this order, plaintiff may amend his complaint to attempt to state cognizable claims against these defendants.  Plaintiff is not obliged to amend his complaint.

2.  The allegations in the pleading are sufficient at least to state cognizable claims against defendants  Turella, Maxham, Rendon, Perfino, and Moreno.  *See* 28 U.S.C. § 1915A.  With this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the pleading filed October 12, 2007, five USM-285 forms and instructions for service of process on defendants  Turella, Maxham, Rendon, Perfino, and Moreno.  Within 20 days of service of this order plaintiff may return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 forms, and six copies of the October 12, 2007, complaint. The court will transmit them to the United States Marshal for service of process pursuant to Fed. R. Civ. P. 4.  Defendants  Turella, Maxham, Rendon, Perfino, and Moreno will be required to respond to plaintiff's allegations within the deadlines stated in Fed. R. Civ. P. 12(a)(1).  In this event, the court will construe plaintiff's election to proceed forthwith as consent to an order dismissing his defective claims against defendants Wedell, Heintschell, Williamson, May, Kaley, or Hawkins without prejudice.

Dated:  December 3, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9         FOR THE EASTERN DISTRICT OF CALIFORNIA

10   TONIE ELMORE,

11          Plaintiff,                 No. CIV S-07-1463 WBS EFB P

12      vs.

13   ARONG, et al.,

14          Defendants.          NOTICE OF SUBMISSION OF DOCUMENTS

15   _____/

16      Plaintiff hereby submits the following documents in compliance with the court's order

17   filed _____:

18          ___1___        completed summons form

19          _____          completed forms USM-285

20          _____          copies of the _____

21                                     First Amended Complaint

22   Dated:

23                                 _____

24                                          Plaintiff

25

26

                                          6