IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TONIE ELMORE,

      Plaintiff,                    No. CIV S-07-1463 WBS EFB P

    vs.

ARONG, et al.,

      Defendants.           <u>ORDER</u>

_____/

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. On September 11, 2009, defendants Maxham, Moreno, Rendon, and Perfino filed a motion for summary judgment. Since plaintiff did not file a response to the motion or request an extension of time to file a response, the court, on October 29, 2009, ordered plaintiff to either file an opposition or statement of no opposition within 20 days. Plaintiff did not file an opposition or statement of no opposition. However, plaintiff did request the appointment of counsel. On December 4, 2009, the court denied plaintiff's request for counsel, but granted plaintiff an additional 21 days to file a response to the summary judgment motion.

////

////

////

1

Plaintiff now requests an additional 120 days[1] to file an opposition to the motion for summary judgment. Based on plaintiff's filings, it appears that he gave his legal documents to another inmate who was assisting him with this lawsuit. Plaintiff claims he has not been able to get his legal documents back because he has been in administrative segregation, and is now housed at a different prison than that of the inmate who was assisting him. Plaintiff asks for a 120-day extension of time because he needs to obtain affidavits from approximately 26 inmate witnesses, and plaintiff, as a "high security level" inmate, is unable to communicate with the other inmates himself.

Defendants' motion has been pending since September 11, 2009. Plaintiff indicates he has been without his legal materials since June 12, 2009, yet he waited until December to bring this fact to the court's attention. It was plaintiff's choice to give his legal materials to another inmate, and plaintiff does not explain what he has done to try to get his materials back. Nor does plaintiff explain what his legal materials consist of, or how not having them has interfered with his ability to prepare an opposition brief. Moreover, plaintiff does not indicate when he began his attempt to obtain affidavits from other inmates or what other efforts he has made toward preparing a response to the motion. The court notes that plaintiff also claims his efforts at preparing an opposition brief have been further hindered by his lack of access to the law library.

Given the record, the court finds that plaintiff has not shown good cause for a 120-day extension of time. However, the court will grant plaintiff one final 60-day extension of time to respond to the summary judgment motion. The court does not intend to further extend this deadline. The court will also construe plaintiff's December 9, 2009 filing as a motion for preliminary injunction, seeking access to the law library in order to prepare his response to the summary judgment motion and defendants will be ordered to respond to this motion.

////

---

[1] In his more recent filings, plaintiff now requests a 30 day extension.

Finally, the court addresses plaintiff's December 4, 2009 motion for appointment of counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request counsel voluntarily to represent such a plaintiff. 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The court finds that there are no exceptional circumstances in this case.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's December 4, 2009 motion for appointment of counsel is denied.

2. Defendants Maxham, Moreno, Rendon, and Perfino shall file a response to plaintiff's December 9, 2009 motion for a preliminary injunction no later than fourteen days from the date of this order.

3. Plaintiff's December 21, 2009, January 4 and January 7, 2010 motions are granted to the extent that plaintiff has 60 days from the date this order is served to file and serve a response to defendants' motion for summary judgment. The court does not intend to grant additional requests for extensions of time. Rule 41(b) of the Federal Rules of Civil Procedure authorizes the court to dismiss an action for failure to obey this court's orders and the applicable procedural rules. Plaintiff's failure to file an opposition or a statement of no opposition will result in a recommendation that this action be dismissed under the authority of Rule 41(b).

DATED: January 12, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3