IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TONIE ELMORE,

      Plaintiff,                 No. CIV S-07-1463 WBS EFB P

      vs.

ARONG, et al.,               FINDINGS AND RECOMMENDATIONS

      Defendants.

_____/

Plaintiff is a state prisoner proceeding without counsel in a civil action brought under 42 U.S.C. § 1983.  On May 6, 2009, defendant Turella moved to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the ground that plaintiff has failed to state a claim upon which relief can be granted because plaintiff's claim is barred by the statute of limitations. Plaintiff filed an opposition brief on June 10, 2009, and defendant filed a reply brief on June 15, 2009.  For the reasons stated, the court recommends that defendant's motion be denied.

**I.      Legal Standards**

On a motion to dismiss, the court construes the pleading in the light most favorable to plaintiff and resolves all doubts in plaintiff's favor.  *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).  The complaint's factual allegations are accepted as true. *Church of Scientology of California v. Flynn*, 744 F.2d 694 (9th Cir. 1984).  The court may,

1

1  without converting a motion to dismiss into a motion for summary judgment, consider facts

2  established by exhibits attached to the complaint. *Durning v. First Boston Corp.*, 815 F.2d 1265,

3  1267 (9th Cir. 1987); *United States v. Ritchie*, 342 F. 3d 903, 907-908 (9th Cir. 2003).  The court

4  may also consider facts which may be judicially noticed, *Mullis v. United States Bankruptcy Ct.*,

5  828 F.2d 1385, 1388 (9th Cir. 1987); and matters of public record, including pleadings, orders,

6  and other papers filed with the court, *Mack v. South Bay Beer Distributors*, 798 F.2d 1279, 1282

7  (9th Cir. 1986).

8        The court is mindful of plaintiff's *pro se* status.  *Pro se* pleadings are held to a less

9  stringent standard than those drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520-21

10  (1972).  Unless it is clear that no amendment can cure its defects, a *pro se* litigant is entitled to

11  notice and an opportunity to amend the complaint before dismissal.  *Lopez v. Smith*, 203 F.3d

12  1122, 1127-28 (9th Cir. 2000) (en banc); *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

13  However, although the court has an obligation to construe the pleadings of a *pro se* litigant

14  liberally, *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (*en banc*), the court's liberal

15  interpretation of a *pro se* complaint may not supply essential elements of a claim that are not

16  plead.  *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992); *Ivey v. Bd. of Regents of Univ. of*

17  *Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  Furthermore, "[t]he court is not required to accept

18  legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be

19  drawn from the facts alleged."  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir.

20  1994).  Neither need the court accept unreasonable inferences, or unwarranted deductions of fact.

21  *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

22  **II.    Discussion**

23        Plaintiff alleges in his amended complaint that defendant violated his Eighth Amendment

24  rights by acting with deliberate indifference to plaintiff's serious medical needs.  Specifically, he

25  claims that on May 14, 2003, defendant "would not renew the medication plaintiff was taking[,]

26  which was Gabapentin, thus, causing plaintiff to suffer a severe seizure soon thereafter."  Dckt.

1 No. 9, ¶ 25.  Next, plaintiff claims that on May 28, 2003, defendant failed to examine him, even

2 after plaintiff showed him "unexplainable lumps" on his body following alleged application of

3 excessive force.  *Id.* ¶ 22.  On the same day, defendant purportedly failed to renew plaintiff's

4 medication.  *Id.*  Lastly, plaintiff claims that on June 17, 2003, he "suffered a severe seizure due

5 to the halting of his medication by defendant . . . ."  *Id.* ¶ 27.  Defendant moves to dismiss on the

6 ground that plaintiff, who did not commence this action until July 23, 2007, has failed to comply

7 with the statute of limitations.[1]  Def.'s Mot. to Dism. ("Mot.") at 3.

8 "Under federal law, a claim accrues when the plaintiff knows or has reason to know of

9 the injury which is the basis of the action."  *Maldonado v. Harris*, 370 F.3d 945, 955 (9th Cir.

10 2004); *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999).  According to the allegations in the

11 complaint, plaintiff knew of his injuries no later than June 17, 2003, the date he allegedly

12 suffered a seizure after defendant failed to renew plaintiff's medication.  *See* Dckt. No. 9 at ¶ 27.

13 Because section 1983 contains no specific statute of limitations, federal courts apply the

14 forum state's statute of limitations for personal injury actions, along with the forum state's law

15 regarding tolling.  *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004); *Maldonado*, 370 F.3d at

16 954; *Fink*, 192 F.3d at 914.  California has a two-year statute of limitations for personal injury

17 actions.  Cal. Civ. Proc. Code § 335.1.  Additionally, under California law, the statute of

18 limitations is tolled for a period of two years for persons imprisoned for a term less than life.

19 Cal. Civ. Proc. Code § 352.1.  Under the two-year statute of limitations, plaintiff had until June

20 17, 2005 to file this action.  With two years of tolling, plaintiff had until June 17, 2007.  Since

21 plaintiff did not commence this action until July 23, 2007, defendant argues that plaintiff is

22 barred by the statute of limitations.  Mot. at 3.

23 ////

25 [1] Plaintiff has not availed himself of the mailbox rule.  As such, the filing date of the
26 original complaint is the date on which the complaint was received by the court.  *See* Dckt. No. 1.

3

1    In his opposition brief, plaintiff argues that the limitation period should be further tolled

2  because of his placement in administrative segregation from December 28, 2006 to March 3,

3  2007.  Dckt. No. 42 at 5-6.  He also notes that his administrative remedies were exhausted as of

4  October 1, 2003.  *Id.*  The Ninth Circuit Court of Appeals has held that the limitation period is

5  tolled while an inmate is exhausting administrative remedies as required by 42 U.S.C.

6  § 1997e(a).  *Brown v. Valoff*, 422 F.3d. 926, 943 (9th Cir. 2005).  The record reflects that

7  plaintiff initiated the administrative grievance process on June 24, 2003, and that the process

8  came to an end on October 1, 2003, when the grievance was denied at the final level of review.

9  Dckt. No. 9, Ex. C.  With tolling for this 99-day period, and accepting plaintiff's factual

10  allegations as true, plaintiff's complaint is timely.  Therefore, the court need not address

11  plaintiff's argument regarding whether his placement in administrative segregation warrants

12  further tolling.

13    Defendant argues that "[t]he tolling that is provided while an inmate exhausts his

14  administrative remedies is overlapped by, not in addition to, the two years of tolling provided by

15  Cal. Civ. Proc. Code § 352.1 for the disability of imprisonment."  Def.'s Reply ("Reply") at 3,

16  n.1.  However, the Ninth Circuit did not draw such a distinction in *Brown*, and the court declines

17  to do so here.  *See Brown*, 422 F.3d at 943 ("We do not regard the intersection of the exhaustion

18  and statute of limitations requirements as creating a problem for prisoners, however, as we agree

19  with the uniform holdings of the circuits that have considered the question that the applicable

20  statute of limitations *must be tolled* while a prisoner completes the mandatory exhaustion

21  process." (emphasis added)).  Defendant's citation to *Portillo v. Khatri*, No. 06-2760, 2009 U.S.

22  Dist. LEXIS 2808, at *25–26, n.7 (S.D. Cal. Jan. 13, 2009), does not persuade the court

23  otherwise.  While it can be inferred from *Portillo* that tolling for exhaustion is subsumed under

24  statutory tolling, *Portillo* is far from explicit on this point.  Furthermore, *Portillo*'s discussion of

25  tolling under *Brown* is not necessary to its holding, and does explain why courts should depart

26  from the rather straightforward guidance from the Ninth Circuit that a prisoner is entitled to

1  tolling for time during which he is exhausting his administrative remedies as required by the

2  Prison Litigation Reform Act.

3      Accordingly, IT IS HEREBY RECOMMENDED that defendant's May 6, 2009 motion

4  to dismiss be denied, and defendant be directed to file an answer within thirty days of any order

5  adopting these findings and recommendations.

6      These findings and recommendations are submitted to the United States District Judge

7  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

8  after being served with these findings and recommendations, any party may file written

9  objections with the court and serve a copy on all parties.  Such a document should be captioned

10  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

11  within the specified time may waive the right to appeal the District Court's order.  *Turner v.*

12  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

13  Dated:  January 26, 2010.

14

15      EDMUND F. BRENNAN
    UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26