IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TONIE ELMORE,

    Plaintiff,                    No. 2:07-cv-1463 WBS KJN P

    vs.

ARONG, et al.,                    ORDER

    Defendants.

_____/

I. Introduction

        Plaintiff is a state prisoner proceeding without counsel with a civil rights action pursuant to 42 U.S.C. § 1983. On September 11, 2009, defendants filed a motion for summary judgment. Plaintiff has not filed an opposition. On December 9, 2009, plaintiff filed a motion for injunctive relief for law library access, and later in December 2009 filed several requests for extensions of time to properly oppose the motion for summary judgment. On January 13, 2010, the prior magistrate judge ordered defendants to respond to plaintiff's motion for a preliminary injunction and granted plaintiff an additional 60 days to file an opposition to the summary judgment motion. Dkt. No. 59. The prior magistrate judge also indicated that the court did not intend to grant additional requests for time. Defendants timely responded to plaintiff's motion for a preliminary injunction.

II. <u>Protective Order</u>

The court construes plaintiff's motion for injunctive relief as a motion for a protective order. Local Rule 302 of the Eastern District of California permits magistrate judges to handle all aspects of a prisoner's case short of jury trial. It has also been interpreted as authorizing magistrate judges to issue orders under § 636(b)(1)(A) for non-dispositive motions or motions not involving injunctive relief. <u>See</u> also <u>United States v. Raddatz</u>, 447 U.S. 667, 673 (1980) (magistrate judge may hear any pretrial matter except "dispositive" motions).

Clearly, none of the requests addressed in plaintiff's motion seek dispositive relief on the merits of the complaint. The motions are addressed to procedures that the parties must use in litigating this case. <u>See</u> <u>United States v. Flaherty</u>, 668 F.2d 566, 586 (1st Cir. 1981) ( "A pretrial matter within the magistrate's jurisdiction would thus seem to be a matter unconnected to issues litigated at trial and not defined with respect to the time of trial."). Neither do the rulings herein involve injunctive relief.

As in nearly all rulings of magistrate judges pursuant to 28 U.S.C. § 636(b)(1)(A), parties are told to do something or not do something. For example, in typical discovery motions, parties are compelled to answer interrogatories, answer a question or produce a document despite a claim of privilege, attend a deposition at a certain time or place, be compelled to undergo a medical examination, or pay costs associated with discovery in a cost-shifting sense. No one would think of asserting that such non-dispositive orders are invalid because they command or disallow a certain activity. Therefore, the fact that parties are directed in their activities by a magistrate judge, cannot, without more, transform the matter at hand into an "injunctive" relief situation governed by § 636(b)(1)(B). <u>See</u> e.g., <u>Grimes v. City and County of San Francisco</u>, 951 F.2d 236 (9th Cir. 1991) (magistrate judge may compel a party to pay prospective sanctions of $500.00 per day during period for non-compliance with discovery orders); <u>Rockwell Int. Inc. v. Pos-A-Traction Indus.</u>, 712 F.2d 1324, 1325 (9th Cir. 1983) (magistrate judge had jurisdiction to order witnesses to answer questions); <u>United States v. Bogard</u>, 846 F.2d 563, 567 (9th Cir. 1988)

1 superseded by rule on unrelated matter, Simpson v. Lear Astronics Corp., 77 F.3d 1170, 1174
2 (9th Cir. 1996); New York v. United States Metals Roofing Co., 771 F.2d 796 (3rd Cir. 1985)
3 (magistrate judge may prevent a party from releasing discovery information to the public;
4 specifically held not to be an injunction beyond the authority of a magistrate judge); Affelt v.
5 Carr, 628 F. Supp. 1097, 1101 (N.D. Oh. 1985) (issuance of gag orders and disqualification of
6 counsel are duties permitted to a magistrate judge.).  It is only where the relief sought goes to the
7 merits of plaintiff's actions or to complete stays of an action are orders under § 636(b)(1)(A)
8 precluded.  See e.g., Reynaga v. Camisa, 971 F.2d 414 (9th Cir. 1992); compare United States
9 Metals Roofing Co., 771 F.2d at 801-04 (orders that restrain or direct the conduct of the parties
10 are not to be characterized as an appealable injunction beyond the authority of the magistrate
11 judge unless the restraint goes to the merits of the action).  In other words, a motion for
12 injunctive relief must relate to the allegations in the complaint.  If there is no relation, it is not an
13 injunctive relief situation.  A party seeking preliminary injunctive relief "must necessarily
14 establish a relationship between the injury claimed in the party's motion and the conduct asserted
15 in the complaint."  Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994).

16         Moreover, the rule that governs interlocutory injunctions, Fed. R. Civ. P. 65, also
17 indicates that the matters at issue in the requested injunction have to be encompassed by the
18 complaint.  For example, Rule 65 allows the hearing on preliminary injunction to be accelerated
19 into a trial on the merits, preserves the right to jury trial if otherwise appropriate, and makes
20 evidence received at the hearing on preliminary injunction admissible at trial.  None of these
21 provisions would make sense if disputes outside the complaint, and on which no trial by
22 definition will be had, could be considered as proceedings for injunctions.  In addition, the
23 standards for granting injunctions are much different than the standards applicable to protective
24 orders.  Applying established standards on the need to grant an injunction only in extraordinary
25 circumstances, absence of legal remedy, balance of hardships, irreparable harm, and so forth are
26 foreign to resolution of discovery and other procedural disputes which crop up in the course of a

litigation.

In the instant case, plaintiff's request does not go the merits of plaintiff's action. Accordingly, this matter may be handled by court order.

Defendants' Response

Plaintiff was transferred to Kern Valley State Prison (KVSP) on November 2, 2009. Plaintiff was placed in a sensitive needs housing facility that did not have its own law library and sensitive needs inmates do not have access to the general library. On January 21, 2010, the Senior Law Librarian stated that he had never received notice from plaintiff requesting priority law library access because of a court deadline. Plaintiff had only sent in two paging requests for law library access on December 21, 2009, and January 19, 2010.

On January 25, 2010, plaintiff was transferred to different housing in KVSP that provides for law library access and plaintiff will be allowed 2 hours minimum per week for law library access which is the same for all priority users at KVSP. Defendants also indicated that they do not have an objection to any further extensions.

As plaintiff has been given law library access since January 25, 2010, plaintiff's motion is moot. Plaintiff will be given 21 days from the date of service of this order to file his opposition to defendants' motion for summary judgment. No more extensions will be granted. Failure to file an opposition will result in a recommendation that this action be dismissed.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for law library access (Dkt. No. 55), construed as a protective order is denied as moot.

2. Plaintiff is granted 21 days from the date of service of this order to file an opposition to defendants' motion for summary judgment. No more extensions will be granted.

////

////

////

4

1   Failure to file an opposition will result in a recommendation that this action be dismissed.

2   DATED: March 4, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

elmo1463.po