1

2

3

4

5

6

7

8                  IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   TONIE ELMORE,

11          Plaintiff,                    No. 2:07-cv-1463 WBS KJN P

12       vs.

13   ARONG, et al.,

14          Defendants,              FINDINGS AND RECOMMENDATIONS

15   _____/

16   I.  Introduction

17          Plaintiff, a state prisoner proceeding without counsel, seeks relief pursuant to 42

18   U.S.C. § 1983.  Pending before the court is the motion for summary judgment filed September

19   11, 2009 by defendants Maxham, Perfino, Moreno and Rendon.  (Dkt. No. 48.)  On April 1,

20   2010, plaintiff filed his opposition.  (Dkt. No. 68.)  Defendants did not file a reply.

21          After carefully considering the record, the undersigned recommends that

22   defendants' motion be granted.

23   II.  First Amended Complaint

24          This case is proceeding on the first amended complaint filed October 12, 2007,

25   against defendants Turella, Maxham, Rendon, Perfino and Moreno.  (Dkt. No. 9.)  The pending

26   ////

1

1    summary judgment motion is not made on behalf of defendant Turella.[1]

2               Plaintiff alleges that on August 25, 2003, he was called into the doctor's office.

3    As plaintiff walked toward the office door, defendant Maxham physically assaulted him.

4    Defendant Perfino arrived during the assault but failed to stop it.

5               After the assault, defendant Maxham began to handcuff plaintiff behind his back.

6    Plaintiff told defendant Maxham that he had a chrono stating that he could only be handcuffed

7    with his hands in the front of his body.  Defendant Maxham ignored plaintiff and said, "this is the

8    way it's going to be."

9               Plaintiff was later charged with assaulting defendant Maxham.  Defendant

10   Moreno was the Senior Hearing Officer at the disciplinary hearing.  Defendant Moreno did not

11   call any of plaintiff's witnesses.  Defendant Moreno found plaintiff guilty based on the testimony

12   of one witness who supported defendant Maxham's version of events.  After being found guilty

13   of the charges, plaintiff was placed in administrative segregation ("ad seg").

14              While housed in ad seg, plaintiff was charged with assaulting his cellmate.

15   Defendant Rendon was the hearing officer at the disciplinary hearing.  Defendant Rendon did not

16   allow plaintiff to speak in his own defense and found him guilty.

17   III.  Legal Standard for Summary Judgment

18              Summary judgment is appropriate when it is demonstrated that the standard set

19   forth in Fed. R. Civ. P. 56(c) is met.  "The judgment sought should be rendered  if . . . there is no

20   genuine issue as to any material fact, and that the movant  is entitled to judgment as a matter of

21   law."  Fed. R. Civ. P. 56(c).

22              Under summary judgment practice, the moving party
         always bears the initial responsibility of informing the district court
23       of the basis for its motion, and identifying those portions of "the
         pleadings, depositions, answers to interrogatories, and admissions
24

25   ──────────────────

26       [1]  Accordingly, none of plaintiff's allegations against defendant Turella are set forth
     herein.

2

1               on file, together with the affidavits, if any," which it believes

2               demonstrate the absence of a genuine issue of material fact.

3 Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the

4 burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made

5 in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on

6 file.'" Id. Indeed, summary judgment should be entered, after adequate time for discovery and

7 upon motion, against a party who fails to make a showing sufficient to establish the existence of

8 an element essential to that party's case, and on which that party will bear the burden of proof at

9 trial. See id. at 322. "[A] complete failure of proof concerning an essential element of the

10 nonmoving party's case necessarily renders all other facts immaterial." Id. at 323. In such a

11 circumstance, summary judgment should be granted, "so long as whatever is before the district

12 court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is

13 satisfied." Id.

14        If the moving party meets its initial responsibility, the burden then shifts to the

15 opposing party to establish that a genuine issue as to any material fact actually does exist. See

16 Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to

17 establish the existence of this factual dispute, the opposing party may not rely upon the

18 allegations or denials of its pleadings but is required to tender evidence of specific facts in the

19 form of affidavits, and/or admissible discovery material, in support of its contention that the

20 dispute exists. See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11. The opposing party

21 must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome

22 of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248

23 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir.

24 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could

25 return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433,

26 1436 (9th Cir. 1987).

1    In the endeavor to establish the existence of a factual dispute, the opposing party

2    need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the

3    claimed factual dispute be shown to require a jury or judge to resolve the parties' differing

4    versions of the truth at trial."  T.W. Elec. Serv., 809 F.2d at 630.  Thus, the "purpose of summary

5    judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a

6    genuine need for trial.'"  Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory

7    committee's note on 1963 amendments).

8    In resolving the summary judgment motion, the court examines the pleadings,

9    depositions, answers to interrogatories, and admissions on file, together with the affidavits, if

10   any.  Fed. R. Civ. P. 56(c).  The evidence of the opposing party is to be believed.  See Anderson,

11   477 U.S. at 255.  All reasonable inferences that may be drawn from the facts placed before the

12   court must be drawn in favor of the opposing party.  See Matsushita, 475 U.S. at 587.

13   Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to

14   produce a factual predicate from which the inference may be drawn.  See Richards v. Nielsen

15   Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir.

16   1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than simply

17   show that there is some metaphysical doubt as to the material facts . . .  Where the record taken

18   as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no

19   'genuine issue for trial.'"  Matsushita, 475 U.S. at 586 (citation omitted).

20   IV.  Discussion

21   A.  Statute of Limitations

22   Defendants first move for summary judgment on grounds that plaintiff's claims

23   are barred by the statute of limitations.  Because actions brought under 42 U.S.C. § 1983 do not

24   contain a statute of limitations, the statute of limitations in § 1983 civil rights cases is governed

25   by state law.  Wilson v. Garcia, 471 U.S. 261, 275 (1985);  McDougal v. County of Imperial, 942

26   F.2d 668, 672-74 (9th Cir. 1991).  Pursuant to Cal. Code Civ. P. § 335.1, effective January 1,

4

1    2003, the statute of limitations in California for personal injury actions is two years from the date

2    of accrual.

3            Federal courts, in addition to applying the forum state's statute of limitations in

4    this context, also apply the forum state's law regarding tolling when not inconsistent with federal

5    law.  Hardin v. Straub, 490 U.S. 536, 537-39 (1989)   Prisoners serving sentences of less than life

6    without the possibility of parole are entitled to two years of tolling for claims for damages in an

7    action "relating to conditions of confinement, including an action brought ... pursuant to Section

8    1983 Title 42 of the United States Code."  See Cal. Code Civ. P. § 352.1.  In the instant case,

9    plaintiff is serving a sentence of life without the possibility of parole.  See Dkt. No. 48,

10   defendants' request for judicial notice.  Accordingly, plaintiff is not entitled to tolling pursuant to

11   Cal. Civ. Code P. § 352.1.

12           In addition,  "the applicable statute of limitations must be tolled while a prisoner

13   completes the mandatory exhaustion process."  Brown v. Valoff, 422 F.3d 926, 943 (9th

14   Cir.2005) (citing Johnson v. Rivera, 272 F.3d 519, 522 (7th Cir.2001)).

15           The undersigned first considers the claims against defendants Markham and

16   Perfino and whether they relate back to those in the original complaint filed July 23, 2007.  (Dkt.

17   No. 1.)

18           A federal cause of action under section 1983 is governed by the relation back

19   provisions of California state law.  Merritt v. County of Los Angeles, 875 F.2d 765, 768 (9th

20   Cir.1989). "The statute of limitations does not bar an amended complaint alleging new causes of

21   action if it rests on the same facts as the original complaint and refers to the same accident and

22   same injuries as the original complaint." Goldman v. Wilsey Foods, Inc., 216 Cal.App.3d 1085,

23   1094, 265 Cal.Rptr. 294 (1989).

24           "The general rule is that an amended complaint that adds a new defendant does

25   not relate back to the date of filing the original complaint and the statute of limitations is applied

26   as of the date the amended complaint is filed, not the date the original complaint is filed."  Woo

1    v. Superior Court, 75 Cal.App.4th 169,176, 89 Cal.Rptr.2d 20 (1999).  "A recognized exception

2    to the general rule is the substitution under [Cal. Code Civ. P.] section 474 of a new defendant

3    for a fictitious Doe defendant named in the original complaint as to whom a cause of action was

4    stated in the original complaint."  Id.  "If the requirements of section 474 are satisfied, the

5    amended complaint substituting a new defendant for a fictitious Doe defendant filed after the

6    statute of limitations has expired is deemed filed as of the date the original complaint was filed."

7    Id.

8          The original complaint named defendant Markham as a defendant and contained

9    the same claims against him.  Accordingly, plaintiff's claims against defendant Markham

10    contained in the amended complaint relate back to the original complaint.  While the original

11    complaint alleged that defendant Perfino witnessed the alleged assault by defendant Markham,

12    defendant Perfino was not named as a defendant in the original complaint.  Because defendant

13    Perfino was not named as a doe defendant in the original complaint, the claims against defendant

14    Perfino in the amended complaint do not relate back to the original complaint.

15          Turning to whether the claims against defendants Markham and Perfino are

16    timely, on December 16, 2003, plaintiff exhausted his administrative remedies regarding his

17    claims against these defendants.  See Dkt. No. 49, exhibit A.  Plaintiff had two years from

18    December 16, 2003 (two years limitations period) to file a timely action.  Because both the

19    original and amended complaints were filed more than two years after December 16, 2003, the

20    claims against defendants Markham and Perfino are not timely.

21          The claims against defendant Moreno contained in the first amended complaint

22    were raised in the original complaint.  Accordingly, these claims relate back to the original

23    complaint.  The at-issue disciplinary hearings held by defendant Moreno occurred on September

24    23, 2003, and October 21, 2003.  See Dkt. 9-2, pp. 52-55.  Plaintiff had two years from these

25    dates (two years limitations period) to file a timely action.  Because the original complaint was

26    filed more than two years after September 23, 2003, and October 21, 2003, the claims against

1   defendant Moreno are not timely.

2       Defendants also argue that plaintiff is not entitled to tolling for the time any

3   administrative grievance was pending regarding his claims against defendant Moreno because

4   plaintiff did not complete the exhaustion process as to those claims.  In support of this argument,

5   defendants refer to the transcripts from plaintiff's deposition.  See Dkt. No. 49, exhibits B, C.

6   Plaintiff testified that he filed a grievance regarding his claims against defendant Moreno.  Id.,

7   Exhibit B, pp. 35-36.  Plaintiff testified that he received no response to this grievance.  Id. at 36.

8   Plaintiff testified that he did not have a copy of the 602 grievance because "he" did not give

9   plaintiff a chance to get it.  Id. at 36.

10      Assuming prison officials failed to respond to plaintiff's grievance, which he

11  apparently filed shortly after the October 21, 2003 hearing, this circumstance would not justify

12  granting plaintiff tolling of approximately 1 ½ years (i.e. from October 21, 2005 to July 23,

13  2007), which he would require in order for his claims against defendant Moreno to be timely.

14  Accordingly, the claims against defendant Moreno are not timely.

15      The claims against defendant Rendon contained in the first amended complaint

16  were raised in the original complaint.  Accordingly, those claims relate back to the original

17  complaint.  Plaintiff exhausted his administrative remedies regarding his claims against

18  defendant Rendon on November 1, 2004.  (Dkt. No. 9-2, pp. 88-89.)  Plaintiff had two years

19  from that date to file a timely civil rights action against defendant Rendon.  Because the original

20  complaint was filed more than two years after November 1, 2004, the claims against defendant

21  Rendon are not timely.

22      In his opposition, plaintiff argues that he is entitled to equitable tolling because he

23  is mentally ill.  Attached to the opposition as an exhibit is a form signed by plaintiff and his

24  psychiatrist on February 17, 2010, indicating that plaintiff agreed to take mood stabilizers.  See

25  Dkt. No. 68, pp. 4-5.  Plaintiff goes on to argue that he has suffered from bipolar disorder since

26  2000.

1    Under California law, to apply the equitable tolling doctrine, (1) the plaintiff must

2    have diligently pursued his or her claim; (2) the loss of a judicial forum must be attributable to

3    forces outside the plaintiff's control; and (3) the defendant must not be prejudiced.  Hull v.

4    Central Pathology Service Medical Clinic, 28 Cal.App.4th 1328, 1336, 34 Cal.Rptr.2d 175

5    (1994).

6    In his opposition, plaintiff has not sufficiently demonstrated that his mental illness

7    prevented him from timely filing his civil rights action.  The fact that plaintiff suffers from

8    bipolar disorder and takes mood stabilizers does not alone demonstrate that he was unable to

9    pursue his legal claims.  Plaintiff's pursuit of his administrative remedies during the times he

10   alleges he is entitled to equitable tolling undermines his argument.  For these reasons, the

11   undersigned finds that plaintiff has not demonstrated that he is entitled to equitable tolling based

12   on mental illness.

13   For the reasons discussed above, defendants should be granted summary judgment

14   on grounds that the claims against them are barred by the statute of limitations.

15   B.  Claims Against Defendants Moreno and Rendon

16   In the alternative, defendants move for summary judgment as to the claims against

17   defendants Moreno and Rendon on grounds that plaintiff has not alleged colorable due process

18   claims.  To state a cognizable due process claim, plaintiff must allege that defendants imposed an

19   "atypical and significant hardship in relation to the ordinary incidents of prison life." Sandin v.

20   Conner, 515 U.S. 472, 484 (1995).  Defendants argue that plaintiff has not alleged facts related to

21   the conditions or consequences of the disciplinary hearings which constituted atypical and

22   significant hardships.

23   In the amended complaint, plaintiff alleges that he was placed in ad seg after

24   defendant Moreno found him guilty of the rules violation.  Plaintiff does not describe the

25   conditions of ad seg nor the length of his confinement there.  For these reasons, he has not stated

26   a colorable due process claim against defendant Moreno.  See Ramirez v. Galaza, 334 F.3d 850,

8

1  861 (9th Cir. 2003) (in determining whether a hardship is sufficiently significant enough to

2  warrant due process protection, the court looks to: (1) whether the challenged condition mirrored

3  those conditions imposed upon inmates in administrative segregation and protective custody and

4  is thus within the prison's discretionary authority to impose, (2) the duration of the condition and

5  the degree of restraint imposed, and (3) whether the state's action will invariably affect the

6  duration of the prisoner's sentence).

7      After defendant Rendon found plaintiff guilty of assaulting his cellmate, plaintiff

8  alleges that he was removed from his work assignment and his privilege group status was

9  reduced.  The due process clause does not create a liberty interest in an inmate's classification or

10 in job or educational programs.  See Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1976); Toussaint v.

11 McCarthy, 801 F.2d 1080, 1094-95 (9th Cir. 1986).  For these reasons, plaintiff has failed to state

12 a colorable due process claim against defendant Rendon.

13     In his opposition, plaintiff does not address defendants' argument that he has not

14 stated a colorable claim for relief against defendants Rendon and Moreno.  Accordingly, in the

15 alternative, for the reasons stated above the due process claims against these defendants should

16 be dismissed.

17     IT IS HEREBY RECOMMENDED that the motion for summary judgment (Dkt.

18 No. 48) filed September 11, 2009 on behalf of defendants Maxham, Moreno, Rendon and Perfino

19 be granted.

20     These findings and recommendations are submitted to the United States District

21 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

22 one days after being served with these findings and recommendations, any party may file written

23 objections with the court and serve a copy on all parties.  Such a document should be captioned

24 "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

25 objections shall be filed and served within fourteen days after service of the objections.  The

26 parties are advised that failure to file objections within the specified time may waive the right to

1  appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

2  DATED:  <u>May 20, 2010</u>

3

4

5

6                              KENDALL J. NEWMAN
                               UNITED STATES MAGISTRATE JUDGE
7

8  el1463.sj

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26