IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TONIE ELMORE,

    Plaintiff,               No. 2: 07-cv-1463 WBS KJN P

    vs.

ARONG, et al.,

    Defendants.           FINDINGS AND RECOMMENDATIONS

                              /

        Plaintiff is a state prisoner proceeding without counsel with a civil rights action pursuant to 42 U.S.C. § 1983. On June 29, 2010, defendant Turella filed a summary judgment motion. On November 19, 2008, the court advised plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. See Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc) and Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir. 1988).

        On August 13, 2010, plaintiff was granted a thirty day extension of time to file an opposition to defendant's summary judgment motion. On August 24, 2010, defendant was ordered to re-serve plaintiff with the motion and plaintiff was granted an additional thirty days to file his opposition. On August 27, 2010, defendant filed proof of re-service. Thirty days passed from August 24, 2010, and plaintiff did not oppose the motion. On October 6, 2010, plaintiff

1  was granted twenty-one days to file an opposition.  In the same order, plaintiff was informed that
2  failure to file an opposition would result in a recommendation that this action be dismissed.
3  Twenty-one days passed and plaintiff did not file an opposition or otherwise respond to the
4  October 6, 2010 order.

5        "Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss
6  an action for failure to comply with any order of the court."  Ferdik v. Bonzelet, 963 F.2d 1258,
7  1260 (9th Cir. 1992).  "In determining whether to dismiss a case for failure to comply with a
8  court order the district court must weigh five factors including:  '(1) the public's interest in
9  expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of
10 prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits;
11 and (5) the availability of less drastic alternatives.'"  Ferdik, 963 F.2d at 1260-61 (quoting
12 Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)); see also Ghazali v. Moran, 46
13 F.3d 52, 53 (9th Cir. 1995).

14       In determining to recommend that this action be dismissed, the court has
15 considered the five factors set forth in Ferdik.  Here, as in Ferdik, the first two factors strongly
16 support dismissal of this action.  The action has been pending for three years and has reached the
17 stage for resolution of dispositive motions and, if necessary, preparation for pretrial conference
18 and jury trial.  Plaintiff's failure to comply with the Local Rules and the court's orders suggests
19 that he has abandoned this action and that further time spent by the court thereon will consume
20 scarce judicial resources in addressing litigation which plaintiff demonstrates no intention to
21 pursue.

22       Under the circumstances of this case, the third factor, prejudice to defendant from
23 plaintiff's failure to oppose the motion, also favors dismissal.  Plaintiff's failure to oppose the
24 motion prevents defendant from addressing plaintiff's substantive opposition, and would delay
25 resolution of this action, thereby causing defendant to incur additional time and expense.
26

1        The fifth factor also favors dismissal.  The court has advised plaintiff of the
2   requirements under the Local Rules and granted ample additional time to oppose the pending
3   motion, all to no avail.  The court finds no suitable alternative to dismissal of this action.
4        The fourth factor, public policy favoring disposition of cases on their merits,
5   weighs against dismissal of this action as a sanction.  However, for the reasons set forth above,
6   the first, second, third, and fifth factors strongly support dismissal.  Under the circumstances of
7   this case, those factors outweigh the general public policy favoring disposition of cases on their
8   merits.  See Ferdik, 963 F.2d at 1263.
9        For the foregoing reasons, IT IS HEREBY RECOMMENDED that this action be
10  dismissed pursuant to Federal Rule of Civil Procedure 41(b).
11       These findings and recommendations are submitted to the United States District
12  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-
13  one days after being served with these findings and recommendations, any party may file written
14  objections with the court and serve a copy on all parties.  Such a document should be captioned
15  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
16  objections shall be filed and served within fourteen days after service of the objections.  The
17  parties are advised that failure to file objections within the specified time may waive the right to
18  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
19  DATED:  November 9, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

24  el1463.57